UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X

HANS LEVEILLE,

                Petitioner,

   -against-

ROBERT ERCOLE, *Superintendent,*
*Green Haven Correctional Facility,*

                Respondent.

----------------------------------------------------------- X

05 CV 5602 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION
AND ORDER

ROSS, United States District Judge:

    Petitioner pro se Hans Leveille filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 29, 2005, claiming that: (1) he was deprived of his due process right to a fair trial because there was insufficient evidence to prove his guilt beyond a reasonable doubt; (2) he was deprived of his right to effective assistance of trial counsel; and (3) he was deprived of his right to effective assistance of appellate counsel. For the reasons stated below, the court denies his petition.

## BACKGROUND

    Following a jury trial in Supreme Court of the State of New York, Kings County, petitioner was convicted of two counts of rape in the first degree, five counts of sexual abuse in the first degree, and one count of incest. The complainants were petitioner's sister, half-sister, and cousin. On May 15, 2002, petitioner was sentenced to concurrent terms of nine to eighteen years on the rape counts, three and a half to seven years on the sexual abuse counts, and one and

1

a third to four years on the incest count. (Sentencing Hr'g 20-21.)

Petitioner appealed to the Appellate Division, which affirmed his conviction by order dated November 15, 2004. People v. Leveille, 783 N.Y.S.2d 864 (2d Dep't 2004). Petitioner argued on appeal that: Marie Mitton's testimony should not have been admitted under the "prompt outcry" exception to the hearsay rule; the trial court erred in not severing the rape charges and holding separate trials; the trial court erred in permitting an expert to testify on rape trauma syndrome; and the trial court erred in permitting testimony of uncharged crimes. The Appellate Division held that petitioner had "failed to preserve for appellate review his contention that the Supreme Court erred in admitting testimony of a 'prompt outcry' of sexual assault." 783 N.Y.S.2d 864. The Appellate Division went on to state, "[i]n any event, the Supreme Court properly admitted the testimony." Id. The Appellate Division dismissed petitioner's other contentions as "without merit." Id. Petitioner sought leave to appeal to the Court of Appeals. The Court of Appeals, by order dated February 24, 2005, denied petitioner's application. People v. Leveille, 4 N.Y.3d 800 (2005).

On March 14, 2005, petitioner filed in the Supreme Court, Kings County, a motion to vacate the judgment of conviction pursuant to N.Y. Crim. Proc. Law § 440.10. In that motion, petitioner argued that he had been deprived of his right to effective assistance of counsel at trial and on appeal and that there was insufficient evidence of forcible compulsion. Specifically, petitioner argued that trial counsel was ineffective for prejudicially describing in summation the charged conduct as "horrible acts" and for failing to: object to the prosecution's leading questions; pursue a defense strategy based on consent and the insufficiency of evidence of forcible compulsion; and elicit testimony from the petitioner himself about his version of events.

2

Petitioner also argued that appellate counsel was ineffective for failing to argue: the lack of proof of forcible compulsion; the prosecutor's misconduct in leading witnesses; and the other errors of trial counsel about which petitioner also complains.

By decision and order dated May 24, 2005, the court denied petitioner's § 440.10 motion. The court held that petitioner's ineffective assistance of appellate counsel claim must be brought in a motion for a writ of error coram nobis. The court further stated that ordinarily pursuant to N.Y. Crim. Proc. Law § 440.10(2)(c) it "would not reach the merits" on petitioner's claims because the facts sufficiently appear on the record and petitioner "unjustifiably failed to raise such claim in his direct appeal." Nevertheless, the court went on to hold on the merits that trial counsel was not ineffective. The court explained that because "the defense in this case was that these incidents never happened, it is hard to discern how the defense attorney's characterization of the charges as 'horrible acts' could have prejudiced the defendant. The attorney was not conceding that the defendant committed 'horrible acts,' but merely that the charges themselves were horrible . . . ." The court further explained that the record demonstrated petitioner had concurred in his counsel's strategic decision to limit his testimony. Petitioner sought leave to appeal the denial of his § 440.10 motion to the Appellate Division. By order dated September 7, 2005, the Appellate Division denied petitioner's application.

## DISCUSSION

### I. <u>AEDPA Standard of Review</u>

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in 1996, established a deferential standard that federal habeas courts must apply when reviewing state court convictions. 28 U.S.C. § 2254(d). The statute provides, in pertinent part:

3

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statutory language "clearly established Federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule that contradicts" Supreme Court precedent or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from that precedent." Id. at 405-06. With respect to the "unreasonable application" clause, "a federal habeas court . . . should ask whether the state court's application of clearly established federal law was objectively reasonable." Id. at 409. In determining whether an application was objectively unreasonable, "the most important point is that an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410. Interpreting Williams, the Second Circuit has added that, although "[s]ome increment of incorrectness beyond error is required[,] . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks and citations omitted).

4

This deferential review of state court judgments is available only when the federal claim has been "adjudicated on the merits" by the state court. Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001). If there is no such adjudication, the deferential standard does not apply, and "we apply the pre-AEDPA standards, and review de novo the state court disposition of the petitioner's federal constitutional claims." Id. (citing Washington v. Schriver, 255 F.3d 45, 55 (2d Cir. 2001)). For the purposes of AEDPA, a state court "adjudicates" a petitioner's federal constitutional claims "on the merits" whenever "it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001). When a state court does so, a federal habeas court must defer in the manner prescribed by AEDPA to the state court's decision on the federal claim, even if the state court does not explicitly refer to either the federal claim or relevant federal case law. Id. To determine whether a state court has disposed of a claim on the merits, the court considers: "(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits." Id. at 314 (quoting Mercadel v. Cain, 179 F.3d 271, 274 (5th Cir. 1999)). In addition, a "conclusive presumption" that the state court decision "rest[s] on the merits of the federal claim" applies to decisions "fairly appearing to rest primarily on federal law or to be interwoven with federal law, . . . [a]bsent a clear and express statement of reliance on a state procedural bar." Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006) (holding that presumption of Harris v. Reed, 489 U.S. 255, 262-63 (1989), applies equally to both AEDPA-deference and procedural-bar determinations).

5

## II. Exhaustion

Exhaustion of a federal constitutional claim in state court does not invariably require citation of "book and verse on the federal constitution." Picard v. Connor, 404 U.S. 270, 278 (1971) (internal quotation marks omitted). A claim may be presented for habeas review even if the federal grounds were not explicitly asserted before the state courts if the petitioner, in asserting his claim before the state court, relied on pertinent federal cases employing constitutional analysis, relied on state cases employing constitutional analysis in like fact situations, asserted his claims in terms so particular as to call to mind specific rights protected by the constitution, or alleged a pattern of facts well within the mainstream of constitutional litigation. See Daye v. Attorney Gen. of N.Y., 696 F.2d 186, 194 (2d Cir. 1982).

Pursuant to AEDPA, a district court may now, in its discretion, deny on the merits habeas petitions containing unexhausted claims–so-called "mixed petitions." See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."); see also Pratt v. Greiner, 306 F.3d 1190, 1197 (2d Cir. 2002) (recognizing that the district court may deny on the merits unexhausted habeas claims). "The law is unsettled in the Second Circuit regarding the proper response to habeas petitions containing unexhausted claims. A majority of district courts in the Second Circuit dismiss unexhausted claims that are 'patently frivolous.'" Wheeler v. Phillips, No. 05 Civ. 4399, 2006 WL 2357973, at *5 (E.D.N.Y. Aug. 15, 2006); see also Wilson v. Goord, No. 00 Civ. 4849, 2004 WL 226149, at *3 (S.D.N.Y. Feb. 6, 2004); Naranjo v. Filion, No. 02 Civ. 5449, 2003 WL 1900867, at *8 (S.D.N.Y. Apr. 16, 2003).

## III. Petitioner's Claims

6

*A.     Insufficient Evidence of Forcible Compulsion*

Petitioner claims that he was deprived of his due process right to a fair trial because there was insufficient evidence of forcible compulsion to prove his guilt beyond a reasonable doubt. Petitioner's legal insufficiency claim is patently frivolous and so does not warrant habeas relief. Respondent argues that petitioner failed to present this claim to the state courts and so it is unexhausted. The record reflects that petitioner raised this claim in his § 440 motion with similar language to that used in the instant petition. The § 440 court, however, only addressed petitioner's ineffective assistance of counsel claims and so, in the absence of a state court adjudication on the merits, de novo review instead of AEDPA deference is appropriate. See Aparicio, 269 F.3d at 93. Regardless, petitioner's claim is without merit.

Petitioners challenging the sufficiency of the evidence face a "very heavy burden." Knapp v. Leonardo, 46 F.3d 170, 178 (2d Cir. 1995). On federal habeas review, courts must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The court must defer to the jury's "assessments of the weight of the evidence and the credibility of witnesses." Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996). A habeas court may neither "disturb the jury's findings with respect to witnesses' credibility," United States v. Roman, 870 F.2d 65, 71 (2d Cir. 1989), nor "make credibility judgments about the testimony presented at petitioner's trial or . . . weigh conflicting testimony," Fagon v. Bara, 717 F. Supp. 976, 979 (E.D.N.Y. 1989). A court may only grant habeas relief if the petitioner has shown that, "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable

doubt." Jackson, 443 U.S. at 324 (emphasis added).

There was ample evidence of "forcible compulsion" in the record permitting the jury to convict petitioner of two counts of rape in the first degree and five counts of sexual abuse in the first degree. Under New York law, a person is guilty of rape in the first degree when he "engages in sexual intercourse with another person [b]y forcible compulsion." N.Y. Penal Law § 130.35[1]. A person is guilty of sexual abuse in the first degree when he "subjects another person to sexual contact [b]y forcible compulsion." N.Y. Penal Law § 130.65[1]. Under New York law at the time of petitioner's trial,

> "Forcible compulsion" means to compel by either:
> a. use of physical force; or
> b. a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped.

N.Y. Penal Law § 130.00[8].

In the instant case, Marie Mitton testified that petitioner got on top of her, pinned her down with his forearm, and then "got a little rougher. He made sure I couldn't get out." (R. 70-73.) Thaly Germain testified that petitioner continued touching her after she pushed him away: He "put his hand in my shirt, he touched my breast and then I pushed his hand off and then he put his hand into my pants and attempted to insert his fingers into my vagina . . . . I pushed him off . . . ." (R. 123, 152.) Regarding a separate incident, Thaly Germain testified that petitioner pushed a lawnmower from her hands, began fondling her, and then, in the ensuing struggle, pushed her against a wall "with his forearm here, like near my chest and neck, then he held me [by] my wrist." (R. 125-128.) Finally, Brigitte Mitton testified that petitioner got on top of her and was

holding her wrists above her head. (R. 24.)

Based upon this evidence, a rational trier of fact could have found beyond a reasonable doubt that petitioner compelled sexual intercourse and sexual contact by use of physical force or an implied threat placing a person in fear of immediate physical injury to herself. Having considered the evidence in the light most favorable to the prosecution, the court cannot conclude that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Accordingly, habeas relief is not warranted on this claim and although it is unexhausted, it is dismissed as patently frivolous.

## B.  *Ineffective Assistance of Trial Counsel*

Petitioner argues that trial counsel was ineffective for: (1) failing to challenge the legal sufficiency of the evidence of forcible compulsion; (2) failing to let petitioner testify as to his version of events; (3) failing to object to the prosecution's leading questions; and (4) pursuing a strategy that petitioner had not engaged in sexual relations with the complainants and describing the charged conduct as "horrible acts" instead of pursuing a defense of consent. Because petitioner raised these arguments to the state court in his § 440 motion, they are exhausted and properly before this court.

The § 440 court held that petitioner's counsel "unquestionably provided 'meaningful representation' .... In this case, it was not ineffective assistance of counsel which led to conviction, but rather, the strong, credible testimony of the complainants." Because the claim was adjudicated on the merits, the court applies the deferential standard appropriate under § 2245(d). Under that deferential standard, the court concludes that the state court's determination was neither contrary to, nor involved an unreasonable application of, federal law.

9

A petitioner seeking to attack his conviction based on ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-89 (1984).

In analyzing a claim that counsel's performance fell short of constitutional standards, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. As explained by the Supreme Court,

> strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.

Id. at 690-91. Moreover, "[i]n assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct, and may not use hindsight to second-guess his strategy choices.'" Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (quoting Strickland, 466 U.S. at 690). Thus, a petitioner cannot prevail on a claim of ineffective assistance merely because he disagrees with his counsel's strategy. See Strickland, 466 U.S. at 689. However, failure to pursue a particular course of action is not considered strategic when it is not a "conscious, reasonably informed decision made by an attorney with an eye to benefitting his client." See Pavel v. Hollins, 261 F.3d 210, 218 (2d Cir. 2001). A court need not decide both prongs of the Strickland test for

ineffective assistance of counsel if a party has made an insufficient showing on one. See Strickland, 466 U.S. at 697.

Petitioner's claim that his trial counsel was ineffective for failing to challenge the legal sufficiency of the evidence of forcible compulsion is without merit. A claim of ineffective assistance of counsel cannot be based on "the failure to make a meritless argument." United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir.1995) (denying ineffective assistance claim in part because motions not pursued by counsel lacked merit). Petitioner therefore cannot satisfy the first prong of Strickland on this basis.

Petitioner's claim that his trial counsel was ineffective for refusing to let him testify as to his version of the events for which he was convicted is without merit. The Supreme Court has held that a defendant in a criminal case has the right to testify on his own behalf. Rock v. Arkansas, 483 U.S. 44, 49 (1987). That right can only be waived by the defendant himself. Brown v. Artuz, 124 F.3d 73, 78 (2d Cir.1997). The burden of ensuring that the defendant is informed of his right to testify "is a component of the effective assistance of counsel" and thus must meet the two-prong Strickland test. Id. at 79. Petitioner testified at trial, but, as the trial court noted, "no specific question[s] were addressed to [petitioner] as the testifying witness regarding the specific allegations of sexual abuse as testified to by the various complainants in this case." (R. 316.) The record also makes clear that petitioner himself agreed with that limitation on his testimony as a strategic decision. The trial court, out of the presence of the jury, asked petitioner whether he understood this strategy, whether he had discussed this tactic with trial counsel, and whether he was "in accord with that strategic decision." (R. 317.) Petitioner answered yes to all these questions. Consistent with the 440 court's holding, the record suggests

that counsel's performance was objectively reasonably and petitioner made an informed decision not to testify more than he did. Petitioner therefore cannot satisfy the first prong of <u>Strickland</u>.

Petitioner's claim that counsel provided ineffective assistance by failing to object to the prosecution's allegedly leading questions is similarly without merit. The decision of a trial attorney to object to individual questions may be attributed to trial tactics, which a habeas court may not second-guess. In addition, many of the questions petitioner complains of were not actually leading. The failure to make fruitless objections cannot be deemed constitutionally deficient. Moreover, there is no reasonable probability that the outcome of the case would have been different had counsel objected. See <u>Flores v. Keane</u>, 211 F. Supp. 2d 426, 441 (S.D.N.Y. 2001).

Petitioner's claim that counsel provided ineffective assistance by pursuing the wrong defense strategy and describing the charged acts as "horrible" is also without merit. As noted above, disagreement with counsel's strategy does not constitute ineffective assistance. In this case, as the 440 court explained, counsel pursued a defense that the incidents never happened and challenged the credibility of the complainants. In this vein, counsel asked the jurors if they would have more specific memories than the witnesses did if something "as horrible as this happened to you." (R. 338.) Petitioner's claims relate to counsel's tactical or strategic choices, which are "virtually unchallengeable." <u>Strickland</u>, 466 U.S. at 690. Based on the record, counsel's strategic decision of which defense to pursue was well within the wide range of reasonable professional assistance. In any event, in spite of petitioner's speculation to the contrary, petitioner cannot establish that but for counsel's alleged error, the outcome of the case would have been different. Given that petitioner fails to satisfy both prongs of the <u>Strickland</u>

advance every nonfrivolous argument that could be made." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

A habeas "petitioner may establish constitutionally inadequate performance if he shows that [appellate] counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo, 13 F.3d at 533. However, "[t]he failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which [a] [p]etitioner [i]s entitled." Aparicio, 269 F.3d at 99 (internal quotation marks and citations omitted). As for the second prong of Strickland in the appellate counsel context, petitioner must establish that "there was a reasonable probability that [his] claim would have been successful before the [state's highest court]." Mayo, 13 F.3d at 534.

In this case, appellate counsel raised several arguments to the Appellate Division. The arguments petitioner now wishes appellate counsel had raised are meritless and neither significant nor obvious, and so counsel's performance was not constitutionally deficient. Appellate counsel cannot be faulted for choosing not to argue on appeal the ineffective assistance of trial counsel when trial counsel was not ineffective. In any event, petitioner cannot establish a reasonable probability that the state courts would have found his claims meritorious. For these reasons, the court dismisses this habeas claim as patently frivolous.

## CONCLUSION

For the foregoing reasons, the court denies the instant petition for a writ of habeas corpus. No certificate of appealability is granted with respect to any of the petitioner's claims, since the petitioner failed to make a substantial showing of any denial of his constitutional rights. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated:   November 7, 2006
         Brooklyn, New York

**SERVICE LIST**

***Pro Se* Petitioner:**
Hans Leveille
02-A-3061
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

**Respondent's Attorney:**
Anthea Hemery Bruffee
Kings County DA's Office
350 Jay Street
20th Floor - Appeals Bureau
Brooklyn, NY 11201